UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE ROMEL HOWARD, | ) | CASE NO.:  1:26-cv-1290 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| DANIELLE ALEXANDRIA | ) | **OPINION AND ORDER** |
| DAVIS HOWARD, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is Petitioner Pierre Romel Howard's ("Petitioner") Motion to Transfer Venue.  (Doc. 5.)  For the reasons stated herein, Petitioner's Motion to Transfer is GRANTED.  Accordingly, the Court TRANSFERS this case under 22 U.S.C. § 9003 and 28 U.S.C. § 1631 to the United States District Court for the District of Minnesota.

## I.    BACKGROUND

On June 2, 2026, Petitioner filed a Verified Petition for Return of Child to Canada and for Expedited Relief ("Petition") in this Court against Danielle Alexendra Davis Howard ("Respondent").  (Doc. 1.)  The Petition was filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2]

Petitioner seeks the return of the parties' child (the "child") to his habitual residence in Canada.  (*See* Doc. 1.)  On or about October 24, 2025, Respondent allegedly removed the child

---

[1] T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *as reprinted in* 51 Fed. Reg. 10493 (1986).

[2] 22 U.S.C. § 9001 *et seq*.

from Canada in violation of Canadian court orders.  (*Id.* at ¶¶ 7-8, 42.)  Petitioner has not had any contact with the child since October 2025.  (*Id.* at ¶ 47.)

Following the removal of the child from Canada, Petitioner promptly filed his Hague Convention Application.  (Doc. 5-1 at 70.)[3]  The Hague Convention Application was forwarded to the United States Department of State (the "State Department"), the Central Authority for the United States under the Hague Convention.  (*Id.*)

On April 30, 2026, the State Department believed it had located Respondent at 3653 Fenley Road, Cleveland Heights, Ohio 44212.  (*Id.*)  On June 6, 2026, Petitioner attempted to serve Respondent by private process at that address, which was the home of Respondents' parents.  (*Id.*; Doc. 4 at ¶ 4.)  Respondent's father, William A. Davis, informed the process server that Respondent did not reside at the Fenley Road address.  (Doc. 5-1 at 71; Doc. 4 at ¶ 5.)  He further informed the process server he has not had any contact with Respondent for approximately one year.  (*Id.*)

Upon further investigation, the State Department confirmed a new address for Respondent and the child at 8594 Excelsior Boulevard, Apartment 426, Hopkins, Minnesota 55343.  (Doc. 5-1 at 71.)  Petitioner asserts "upon information and belief, [Respondent] is currently physically present with the child within the jurisdiction of the United States District Court for the District of Minnesota."  (*Id.*)  Accordingly, Petitioner moves to transfer venue under 22 U.S.C. § 9003 and 28 U.S.C. §§ 1404(a) and 1631 to the United States District Court for the District of Minnesota.  (*See* Docs. 5, 5-1.)

---

[3] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

## II.    LAW AND ANALYSIS

ICARA, the enabling legislation for the Hague Convention, provides "[t]he courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention."  22 U.S.C. § 9003(a).  ICARA further provides a "person seeking to initiate judicial proceedings under the Convention for the return of a child . . . may . . . commenc[e] a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed."  22 U.S.C. § 9003(b).

Under § 1631, when a case is filed with a court "and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice" transfer the case to a district in which it "could have been brought at the time it was filed."  28 U.S.C. § 1631.[4]

The State Department confirmed Respondent and the child are physically located in the District of Minnesota.  (*See* Doc. 5-1 at 71.)  The Petition therefore could have been filed in the District of Minnesota.  *See* 22 U.S.C. § 9003(b); *see also Miller v. Miller*, 240 F.3d 392, 397 (4th Cir. 2001) (transferring petition initially filed in the Western District of New York to the Western District of North Carolina where the children were physically located and venue was proper) (citing 22 U.S.C. § 9003(b)); *Jose Junior v. Ferreira de Sousa*, No. 21-cv-02242, 2023 U.S. Dist. LEXIS 111875, 2023 WL 4228163, at *2 (N.D. Ohio June 27, 2023) (noting petition

---

[4] Petitioner also moved to transfer under 28 U.S.C. § 1404(a).  (*See* Doc. 5-1 at 7273.)  However, the Court must have personal jurisdiction over a defendant to transfer a matter under § 1404(a). *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015) ("[Section] 1404(a) is limited to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper.").  Because Respondent is now confirmed to be in Minnesota, the Court likely does not personal jurisdiction over her.  The Court may still transfer under § 1631 where personal jurisdiction is lacking.  *See Veteran Payment Sys., LLC v. Gossage*, No. 14-cv-981, 2015 WL 545764, 2015 U.S. Dist. LEXIS 16261, at *20 (N.D. Ohio Feb. 10, 2015) (collecting cases assessing motions to transfer and applying § 1404(a) to entities the court has personal jurisdiction over and § 1406(a) or § 1631 for those it does not).

originally filed in the District of Maryland was transferred to the Northern District of Ohio before process was served after petitioner learned respondent and child moved to Ohio).

Given the objectives of the Hague Convention and the requirement of speedy resolution of Hague Convention cases, transfer of venue to the District of Minnesota is in the interest of justice. *See Monasky v. Taglieri*, 589 U.S. 68, 72, 140 S. Ct. 719, 206 L. Ed. 2d 9 (2020) ("the Convention instructs contracting states to use the most expeditious procedures available" to return the child to [his] habitual residence") (citations and quotations omitted).

## III.   CONCLUSION

For the reasons stated herein, Petitioner Pierre Romel Howard's Motion to Transfer (Doc. 5) is GRANTED.  Accordingly, the Court TRANSFERS this case under 22 U.S.C. § 9003 and 28 U.S.C. § 1631 to the United States District Court for the District of Minnesota.

**IT IS SO ORDERED.**

**Date:**  June 22, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE